**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **AMBER GELINAS, DMD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIV. ACT. NO. 1:25-cv-4-TFM-N** |
| | ) | |
| **SOUTHERN DENTISTRY, P.C., *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On February 13, 2026, the Magistrate Judge entered a Report and Recommendation which recommends the motion to dismiss filed by Defendants Southern Dentistry, P.C. and Michael A. Nebrig DMD be granted in part and denied in part. *See* Doc. 56. Plaintiff timely filed objections to which Defendants timely responded. *See* Docs. 57, 59. The Report and Recommendation is ripe for review.

With regards to the Plaintiff's objections and the response to objections, the Court will take each count in turn.

Count 1 – Failure to Accommodate under PWFA and Count 4 – Retaliation-Constructive Discharge (both against Defendant Southern Dentistry)

The Court finds that while the Defendants did ultimately accommodate the request, there is a question about the month-long delay. While there is certainly caselaw that indicates that a request to accommodate is an interactive process, the caselaw relied upon by the Defendants were instances where the decision was made on a summary judgment standard when discovery has occurred and evidence can be considered.

An unlawful denial may present as actual or constructive, based upon an unreasonable delay in approving a valid request. *See generally, Mullin v. Secretary, U.S. Dep't of Veterans*

*Affs.*, 162 F. 4th 1296, 1306-07 (11th Cir. 2025); *Hill v. Clayton Cnty. Sch. Dist.*, 619 F. App'x 916, 921-22 (11th Cir. 2015). "In assessing claims of unreasonable delay, courts consider 'the length of the delay, the reasons for the delay, whether the employer has offered any alternative accommodations while evaluating a particular request, and whether the employer has acted in good faith.'" *Mullin*, 162 F.4th at 1307 (quoting *Selenke v. Medical Imaging of Colo.*, 248 F.3d 1249, 1262-63 (10th Cir. 2001)); *accord McCray v. Wilkie*, 966 F.3d 616, 621 (7th Cir. 2020) ("Whether a particular delay qualifies as unreasonable necessarily turns on the totality of the circumstances, including, but not limited to, such factors as the employer's good faith in attempting to accommodate the disability, the length of the delay, the reasons for the delay, the nature, complexity, and burden of the accommodation requested, and whether the employer offered alternative accommodations."). Put another way, determining whether an employer's delay in responding to an accommodation request is reasonable or unreasonable requires considering the "totality of the circumstances" type analysis. *DiFranco v. City of Chicago*, 589 F. Supp. 3d 909, 916 (N.D. Ill. 2022) (citing *McCray*, 966 F.3d at 621. None of the cases cited hold that a delay of any particular delay is automatically reasonable or unreasonable. Rather, whether a particular delay is reasonable turns on the facts of a given case and cases on summary judgment have a fully developed factual record for the court. *See, e.g., McCray*, 966 F.3d at 622 (distinguishing cases by stating that "th[o]se were summary judgment cases that presented developed factual records to the court," noting that those cases do not "purport[] to say that a delay of any particular duration will invariably be reasonable regardless of the surrounding circumstances," and holding that "whether a particular delay is reasonable turns on the facts of a given case").

Based on this style analysis, the Court finds that dismissing on the pleadings alone here is inappropriate. Therefore, the objections as to Counts One and Four are sustained and the Report

and Recommendation is rejected as to these counts.  This in no way reflects what determination will be made after discovery and on the more robust review performed under a summary judgment standard.  It merely reflects that Rule 8 is not a particularly high bar for pleading purposes and the Court cannot make an analysis of the reasonableness of the one-month delay here on solely the pleadings.  Therefore, the Court finds that Counts One and Four will proceed at this time.

<u>Count 6 – Fraud-Compensation and Count 7 – Fraud-Dental Insurance (against Defendants Southern Dentistry and Dr. Nebrig</u>

Having reviewed the objections as to Counts 6 and 7, the Court agrees with the well-reasoned analysis of the Magistrate Judge.  Therefore, the objections are overruled and the claims are dismissed without prejudice for failure to satisfy Rule 9(b) pleading requirements.

<u>Count 8 – Alabama Consumer Identity Protection Act (against Defendants Southern Dentistry and Dr. Nebrig)</u>

Having reviewed the Report and Recommendation, objections, and response to objections, the Court agrees with the analysis of the Magistrate Judge as to bringing this claim under this statute.  While there may be other ways and statutory vehicles to pursue these types of factual allegations, they do not fit within the Alabama Consumer Identity Protection Act.  Therefore, the objection is overruled and the claim dismissed with prejudice.[1]

<u>Count 10 – Defamation</u>

While the Report and Recommendation raises valid long-term concerns about the defamation claim, the Court notes that the Rule 8 pleading standard is very low.  It would appear that the Magistrate Judge and the Defendants would apply a more specific pleading with particularity standard.  While indeed there are not a plethora of specifics in the Second Amended

---

[1] The Court notes that the dismissal is with prejudice as to this claim brought under this statute. However, it should have no preclusive effect as to issues the facts allege (i.e. collateral estoppel).

Complaint, that is not yet required. The analysis at this stage of the proceedings does not require "enough factual specificity to permit the Court to assess plausibility as to publication, fault, and legally cognizable harm." *See* Doc. 56 at 37, PageID 410. Nor does the Court need "factual allegations identifying the recipients or circumstances of publication" at this stage to "meaningfully evaluate" the claims as discussed by the Recommendation. *Id*.

The Court finds that the Recommendation and Defendants attempt to raise the bar too high for a Rule 8 standard. This is not like the fraud claims where Rule 9 requires pleading with specificity. The Court agrees with the objection that there is enough there at this stage to allow discovery to proceed. Even if the Court were in error here, there is enough that the Court would have permitted an amendment on the claim. Since this case is still at its nascent phase and is proceeding beyond dismissal on some claims, that will require the entry of a scheduling order which will have a deadline for amending the pleadings. Moreover, the parties can certainly flesh out the claims on future motions practice. Therefore, the Court sustains the objection and rejects the Recommendation on dismissal of Count 10. Instead, Count 10 will be allowed to proceed against both Defendants Southern Dentistry and Dr. Nebrig.

Count 11 – Intentional Infliction of Emotional Distress / Outrage (against Defendant Southern Dentistry and Dr. Nebrig)

Much like the defamation claim, the Report and Recommendation raises valid concerns about the long-term viability of the intentional infliction of emotional distress and outrage claim. While the claim may be a difficult mountain for the Plaintiff to climb, the pleading standard does not require as exacting a standard as the Recommendation and Defendants would state. Further, context matters.

Moreover, the objection is correct in its assessment of the Alabama Supreme Court's holding in *Wilson v. Univ. of Alabama Health Servs. Found., P.C.*, 266 So. 3d 674 (Ala. 2017).

Both the Report and Recommendation seem to indicate that there are only three kinds of ways that the tort of outrage can stand: (1) wrongful conduct in the family-burial context, (2) barbaric methods employed to coerce an insurance settlement, and (3) egregious sexual harassment. However, the Alabama Supreme Court also stated "this Court has <u>not</u> held that the tort of outrage can exist in <u>only</u> those three circumstances." *Id*. at 677. "It is clear, however, that the tort of outrage is viable only when the conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id*. (quoting *Little v. Robinson*, 72 So.3d 1168, 1172-73 (Ala. 2011)) (internal quotations and further citations omitted). Both the Magistrate Judge and the Defendants missed that aspect of the holding in *Wilson* and seem to indicate that there are only the three categories to this claim which is a legal error.

While the undersigned certainly has reservations that the conduct alleged in the complaint will survive scrutiny under the higher level of review of summary judgment, the reality is that the claim could be fleshed out more with discovery. This is not to hold that the tort of outrage can never be eliminated under a Rule 12(b)(6) review. *Id*. (quotation omitted and holding that "the trial court should, under the standard appropriate for a motion to dismiss under Rule 12(b)(6), determine whether the alleged conduct was so extreme in degree as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized society."). The Court must take the alleged facts as true. And, in circumstances where Defendants would refuse to accommodate a pregnant dentist's request not to expose her fetus to nitrous oxide (which could harm its development) and then be retaliated against for making such a request (in a variety of ways), the Court cannot determine *at these stage in the proceedings* that the facts, as alleged, are not utterly intolerable in a civilized society. Civilized society tends to be extremely protective

of pregnant women and the circumstances of the failure to accommodate will be developed by the discovery process.

Therefore, the objection is sustained and the Report and Recommendation is rejected as to Count Eleven.  Again, this has no bearing on a future review under a different standard

Count 12 – Negligent and Wanton Training, Supervision, and Termination in Violation of Alabama Law (against Defendant Southern Dentistry)

Having reviewed the Report and Recommendation, objections, and response to objections, the Court agrees with the analysis by the Magistrate Judge.  Therefore, the objection is overruled and this claim dismissed with prejudice.

**Conclusion**

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED in part** and **REJECTED in part** as the opinion of the Court.  Accordingly, the motion to dismiss (Doc. 27) is **GRANTED in part** and **DENIED in part**.

The motion is granted in that Counts 6, 7, and 9 are dismissed without prejudice and Counts 8 and 12 are dismissed with prejudice.  Otherwise, the motion is denied and the claims that remain are as follows:

(1) Count 1 / First Cause of Action against Defendant Southern Dentistry – Discrimination (Failure to Accommodate) in Violation of the PWFA;

(2) Count 2 / Second Cause of Action against Defendant Southern Dentistry – Discrimination (Reduction in Compensation) in Violation of Title VII and the PWFA;

(3) Count 3 / Third Cause of Action against Defendant Southern Dentistry – Retaliation (Harassment) in Violation of Title VII and PWFA;

(4) Count 4 / Fourth Cause of Action against Defendant Southern Dentistry – Retaliation (Constructive Discharge) in Violation of Title VII and PWFA;

(5) Count 5 / Fifth Cause of Action against Defendant Southern Dentistry - Breach of Contract in Violation of Alabama Law;

(6) Count 10 / Tenth Cause of Action against Defendants Southern Dentistry and Dr. Nebrig – Defamation in Violation of Alabama Law.

(7) Count 11 / Eleventh Cause of Action against Defendants Southern Dentistry and Dr. Nebrig – Intentional Infliction of Emotional Distress in Violation of Alabama Law (Outrage)

The matter is now referred to the Magistrate Judge for the issuance of a preliminary scheduling order such that the parties shall proceed with their conference under Fed. R. Civ. P. 26(f).  The parties should also be prepared to discuss the validity of the consent filed on May 6, 2025 now that the remaining parties had all signed the consent to Magistrate Judge Jurisdiction and the reason it was not effective was the lack of a signature for a party who has now been dismissed.  *See* Docs. 35, 36.

**DONE** and **ORDERED** this 16th day of March, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE