**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **AMBER GELINAS, DMD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV. ACT. NO. 1:25-cv-4-TFM-N** |
| | ) | |
| **SOUTHERN DENTISTRY, P.C., *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Plaintiff's Motion for Leave to File Third Amend Complaint* (Doc. 77, filed September 15, 2026), as amended by the construed amended motion to amend complaint (Doc. 81, filed September 30, 2026). In support of the motion, Plaintiff Amber Gelinas, DMD, states she seeks to amend her Second Amended Complaint to conform the Court's previous Orders in which certain claims and defendants were dismissed and to clarify her remaining claims. *Id.* Having considered the motion, response in opposition, the construed amended motion, response to the order to show cause, and the relevant law, the Court finds the motion (Doc. 77, as amended by Doc. 81) is due to be **GRANTED**.

## I. PROCEDURAL BACKGROUND

Plaintiff Amber Gelinas, DMD ("Plaintiff"), originally filed her Complaint (Doc. 1) in this Court on January 3, 2025. On March 17, 2025, Defendant Southern Dentistry, P.C. ("Southern Dentistry") and Michael Nebrig ("Nebrig") filed a motion to dismiss all of Plaintiff's claims that were brought against them, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Doc. 12. On March 28, 2025, Plaintiff filed an Amended Complaint (Doc. 18) as matter of course, pursuant to Fed. R. Civ. P. 15(a)(1)B), which rendered moot Southern Dentistry and Nebrig's motions to dismiss (Doc.

19).

On April 3, 2025, Plaintiff filed a motion to substitute a defendant to correctly identify the party, Dr. William Chason Weinacker. Doc. 21. The Court ordered Plaintiff to file and serve a second amended complaint that substituted the correct party as a defendant and ordered the defendants to file their responsive pleadings to the second amended complaint in accordance with Fed. R. Civ. P. 15(a)(3) once they were served the pleading. Doc. 22.

On April 9, 2025, Plaintiff filed her Second Amended Complaint in which she names as defendants Southern Dentistry, Nebrig, Charles Demeranville, DMD ("Demeranville"), and William C. Weinacker, DMD ("Weinacker") and brings certain claims: (Count 1) "Discrimination (Failure to Accommodate) in Violation of the Pregnant Workers Fairness Act [("the PWFA"), 42 U.S.C. § 2000gg];" (Count 2) "Discrimination (Reduction in Compensation) in Violation of Title VII and the [PWFA];" (Count 3) "Retaliation (Harassment) in Violation of Title VII and the [PWFA];" (Count 4) "Retaliation (Constructive Discharge) in Violation of Title VII and the [PWFA];" (Count 5) "Breach of Contract in Violation of Alabama Law;" (Count 6) "Fraud in Violation of Alabama Law;" (Count 7) "Fraud (Dental Insurance) in Violation of Alabama Law;" (Count 8) "Identity Theft in Violation of the Consumer Identity Protection Act[, Ala. Code § 13A-8-191 through -201,] and Alabama Law"; (Count 9) "Fraud (Mother's Dental Bill) in Violation of Alabama Law;" (Count 10) "Defamation in Violation of Alabama law;" (Count 11) "Intentional Infliction of Emotional Distress in Violation of Alabama Law;" and (Count 12) "Negligent and Wanton Training, Supervision Retention and Termination in Violation of Alabama Law." Doc. 23. On April 14, 2025, Southern Dentistry and Nebrig filed a motion to dismiss all of Plaintiff's claims that are brought against them, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Doc. 27. Plaintiff filed her response in opposition to the motion to dismiss (Doc. 31), Southern Dentistry

and Nebrig filed their reply in support of the motion (Doc. 33). On June 20, 2025, Weinacker filed a motion to dismiss all of Plaintiff's claims that are brough against him, pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 46. Plaintiff filed her response in opposition to the motion to dismiss (Doc. 49), Weinacker filed his reply in support of the motion (Doc. 50). On August 26, 2025, Plaintiff filed a notice of dismissal without prejudice of her claims against Demeranville (Doc. 51), pursuant to Fed. R. Civ. P. 41(a)(1), which was self-effectuating pursuant to Fed. R. Civ. P. 41(a)(1)(i), and the claims against Demeranville were dismissed without prejudice (Doc. 52).

On February 12 and 13, 2026, the Magistrate Judge entered a Report and Recommendation for each of the motions. Docs. 55, 56. Upon review by the undersigned, ultimately Counts 6, 7, and 9 were dismissed without prejudice and Counts 8 and 12 were dismissed with prejudice. *See* Docs. 60, 61. The Court noted the following Counts remained: Counts 1 through 5 against Southern Dentistry, and Counts 10 and 11 against Southern Dentistry and Nebrig. Doc. 61 at 6-7. Southern Dentistry and Nebrig (hereinafter, "Defendants") filed their answer to the Second Amended Complaint on March 30, 2026. Doc. 63.

On April 29, 2026, the Court entered a Fed. R. Civ. P. 16(b) Scheduling Order in which it set the deadline for the parties to amend their pleadings by September 15, 2026. Doc. 68 at 4.

On September 15, 2025, Plaintiff timely filed a motion for leave to file a third amended complaint, pursuant to Fed. R. Civ. P. 15(a)(2). Doc. 77. Defendants filed a response in opposition to the motion (Doc. 79), and Plaintiff filed a reply in support of the motion (Doc. 81). In Plaintiff's reply, she states she inadvertently included an incorrect count in her proposed Third Amended Complaint and seeks to amend her proposed Third Amended Complaint to delete the count and appropriately renumber the remaining counts. Doc. 81. The Court construed Plaintiff's reply as an amended motion to amend complaint and ordered Defendants to show cause why the motion

should not be granted (Doc. 82), and Defendants filed their response in opposition to the amended motion (Doc. 83). The amended motion to amend complaint (Doc. 81) is ripe for review, and the Court finds oral argument unnecessary to decide the issues that are presented in the motion.

## II. DISCUSSION AND ANALYSIS

In support of the motion for leave to file a third amended complaint, Plaintiff states she filed it within the Court's deadline to amend pleadings and seeks to amend the Second Amended Complaint to conform to the Court's orders that dismissed certain of her claims, and defendants, and to clarify her remaining claims. Docs. 77, 81. In response, Defendants argue Plaintiff introduces new factual allegations that go beyond an attempt to conform to the Court's prior orders, her amendment would be futile, and they would be required to expend limited resources for Defendants to respond, all of which would unduly prejudice them. Doc. 83.

Fed. R. Civ. P. 15(a) provides that a plaintiff may amend his complaint after the defendant has filed an answer either by leave of court or by written consent of the opposing parties. Here, Defendants oppose Plaintiff's motion to amend his complaint. Thus, the Court must consider whether it should grant Plaintiff leave to amend.

> The decision whether to grant leave to amend a complaint is within the sole discretion of the district court. Fed. R. Civ. P. 15(a), however, limits the court's discretion by mandating that "leave shall be freely given when justice so requires." *See Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441 (11th Cir. 1985). There must be a substantial reason to deny a motion to amend. *Id.* Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

*Laurie v. Ala. Ct. of Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001).

"Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendants." *Cockrell*

*v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)).

Here, Plaintiff's original request for leave to further amend her complaint was filed within the deadline prescribed in the Fed. R. Civ. P. 16(b) Scheduling Order that was entered in this matter, and therefore, the request is timely. Further, Defendants have failed to sufficiently demonstrate either undue prejudice or futility, as argued, that would result if the Court grants Plaintiff's request.

## III. CONCLUSION

Accordingly, Plaintiff's Motion for Leave to File Third Amend Complaint (Doc. 77, as amended by Doc. 81) is **GRANTED**. Plaintiff is **DIRECTED** to docket the Third Amended Complaint (Doc. 81-1) no later than **October 14, 2026**. Defendants shall file their responsive pleadings in accordance with Fed. R. Civ. P. 15(a)(3).

**DONE** and **ORDERED** this 6th day of October 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE